LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

Receipt number AUSFCC-11415034

# UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TALION CONSTRUCTION, LLC, a Hawaii limited liability company,<br><br>Plaintiff<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | CASE NO.: **26-1176 C**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (BID PROTEST)** |

## JURISDICTION

1. This Court has subject matter jurisdiction over this action pursuant to 28 USC § 1491(b) and 5 USC § 706.

## PARTIES

2. Plaintiff, Talion Construction, LLC ("Talion") is a Hawaii limited liability company with its principal place of business in Murietta, California.

LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

3. Talion is a certified Service Disabled Veteran Owned Small Business which performs competitive contracts awarded by the United States government for construction services at various federal facilities.
4. Talion is an interested party in this action pursuant to 33 U.S.C. § 3551(2) and 48 C.F.R. § 33.101 in that Talion submitted an offer in response to Solicitation No. 36C24726R0069 ("Solicitation") which is the subject of this action and, thus, whether Talion is awarded the contract pursuant to the Solicitation directly affects its economic interest.
5. Talion has complied with the requirements of Part II of Appendix C of the RCFC.
6. Defendant, the United States, at all times and in relation to all facts pertinent hereto operated through its Department of Veterans Affairs ("Agency," "Government," or "VA").

**STATEMENT OF FACTS**

7. In 2026, the VA issued the Solicitation whereby it sought sealed proposals for the project known as "Correct Critical Access and ADA Deficiencies B61" at the VA Medical Center in Tuscaloosa, Alabama ("Project").
8. The Solicitation informed that the VA would award a contract for the Project without prior discussions with offerors, doing so on the basis of Best Value to the Government, as determined by past performance and price, with past performance significantly more important than price.
9. The Solicitation further informed that past performance would be judged on the basis of the offerors' previous contracts with the Government whereby each such contract would be given a rating ranging from "not relevant" to "very relevant," and the offerors' performance thereof given a confidence assessment with a rating ranging from "no confidence" to "substantial confidence."

LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

10. The Government required each offeror to submit at least one, but no more than three, references to facilitate its assessment of the offeror's past performances.

11. Talion duly and timely submitted an offer to the Solicitation which contained a lump-sum price in the amount of $4,062,852.00. Talion accompanied its offer with three references relating to its past performance on contracts in the last five years.

12. On July 22, 2026, the VA informed Talion that Talion would not be awarded the contract for the Project. In accordance with RFO 15.206-2 and 15.301, Talion immediately requested a debriefing concerning the VA's evaluation of the proposals for the Project.

13. On August 3, 2023, Talion received a written debriefing from the VA. The debriefing confirmed that all of Talion's references related to contracts that were "**highly relevant** to the scope of this [P]roject."

14. Further, the debriefing confirmed that on those highly relevant contracts:

> **Talion demonstrates a strong ability to execute complex, multi-phase renovations within fully occupied healthcare environments**. Their experience includes corridor and restroom renovations, ADA and VA accessibility improvements, concrete removal and replacement, hazardous material abatement, and comprehensive upgrades to HVAC, electrical, lighting, and fire protection systems. Their capacity to integrate architectural enhancements and reconfigure functional spaces while maintaining safe, uninterrupted operations reflects high technical proficiency and effective project management.
>
> **The contractor's experience** with architectural finishes, system upgrades, floor leveling, and slope corrections **aligns well with the scope of this [P]roject**.
>
> The CPARS evaluations for this company's past relevant work **support their capability and understanding of the [P]roject's require[ments].**

(Emphasis added)

15. Finally, the debriefing confirmed **the absence of any weaknesses in the relevancy category.**

16. Despite the facts clearly demonstrating that Talion's past contracts are VERY relevant to the Project, the VA unjustifiably rated them only as "Relevant."

17. With respect to the performance confidence criteria, the debriefing confirms that the VA found the following:

> **Talion's proven success in complex, occupied healthcare renovations demonstrate their capability to reliably perform on critical projects.** Their expertise in ADA-compliant floor corrections, major interior upgrades, hazardous material abatement, and comprehensive building system renovations—carried out without disrupting operations—reflects a disciplined and technically proficient team. This record provides strong confidence in Talion's ability to deliver high-quality results in demanding healthcare environments.
>
> **The contractor generally receives positive evaluations across all areas and has a competent management team.**
>
> **Based on past performance evaluations, this company appears well-qualified to successfully perform the scope of work required for this [P]roject**, supported by reviews on similar, [highly] relevant projects.
>
> (Emphasis added).

18. Notwithstanding the VA's substantial confidence in Talion's ability to perform on the Project based on the VA's evaluation of Talion's past performances reflected in the debriefing, the VA assigned a rating of only "Limited Confidence" to Talion.

19. The VA alleged that its performance rating for Talion was based on "additional information… [relating to] past determinations of non-responsibility…." but failed to identify the source of the alleged "additional information" or disclose any specific details concerning same in the debriefing.



LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

20. Finally, the debriefing informs Talion that the successful offeror is AAECON General Contracting, LLC ("AAECON"), which received unjustified ratings of Relevant and Satisfactory Confidence and that its fixed-price proposal was in the amount of $4,351,250.46, or almost $300,000 more than Talion's proposed price.

21. Upon information and belief, it appears that the VA may have awarded a contract for the Project to AAECON on or after August 3, 2026, but that work on the Project has not yet commenced because the Solicitation provides that work need not commence until thirty days after issuance of a notice to proceed and it is unknown whether the Government issued a notice to proceed yet.

**<u>THE VA'S DECISION TO AWARD A CONTRACT FOR THE PROJECT TO AAECON, RATHER THAN TO TALION, LACKED A RATIONAL BASIS AND WAS CONTRARY TO LAW</u>**

22. The VA's decision to assign to Talion a rating of only Relevant, rather than Very Relevant, lacks a rational basis.

23. The VA's decision to assign to Talion a rating of only Limited Confidence lacks a rational basis.

24. Upon information and belief, the relevancy and performance confidence ratings that the VA assigned to AAECON lack a rational basis.

25. The VA's selection of AAECON despite that contractor's higher-priced proposal lacks a rational basis.

26. The VA's decision to select AAECON was prejudicial to Talion and, upon information and belief, lacks justification and is arbitrary, capricious, clearly erroneous, and contrary to law, including, but not limited to, 48 C.F.R. § 15.308.

LINDBORG & MAZOR LLP
550 NORTH BRAND BOULEVARD, SUITE 1830
GLENDALE, CALIFORNIA 91203
TEL. 818 637-8325

## PRAYER FOR RELIEF

Wherefore, Talion prays for judgment as follows:

1. Declaring that the award of the contract for the Project to AAECON is unlawful, arbitrary, capricious and clearly erroneous;
2. Enjoining the Government from proceeding with the Project under a contract with AAECON;
3. Awarding Talion its bid preparation costs;
4. Awarding Talion its attorneys' fees herein pursuant to 28 USC § 2412;
5. Awarding Talion its costs of suit; and
6. Such other relief as the Court may deem just and proper.

Dated: 14 AUG 26

LINDBORG & MAZOR LLP

By: ______________________
Peter F. Lindborg, Esq.
550 North Brand Boulevard, Suite 1830
Glendale, California 91203
Tel: 818/637-8325
Fax: 818/637-8376
plindborg@lmllp.com
Attorneys for Plaintiff